**JAMES T. MORIARTY, Esq.**
**489 Fifth Ave., 19th Fl.**
**New York, N.Y. 10017**
**Tel. [646] 487-1940**
**Fax [646] 487-0036**

June 2, 2005

Hon. Thomas C. Platt U.S.D.J.
United States Courthouse
100 Federal Plaza
Central Islip, N.Y. 11723

                Re: U.S. v. Stephen Anthony Marc Johnson
                   Criminal Docket No. 95-CR-392 (S-1) (TCP)

Dear Judge Platt,

    I write concerning the sentence of Marc Johnson currently scheduled for Friday June 3, 2005. I entered a notice of appearance on this case in and about Jan. 17, 2005. [1] As this court is aware, this case has a long and troubled history. It has taken me some period of time to sort out the issues and problems resulting there from with Mr. Johnson. In doing so I have determined that although there were two prior attorneys who had represented Johnson, put simply, the necessary work to properly defend this case was never performed. Mr. Johnson's first counsel advised him to enter a plea of guilty and to then cooperate with the government. The plea was entered but unfortunately the cooperation failed to properly materialize. As to the reasons for same they are not relevant to this application.

    His second counsel chose to file a motion to permit withdrawal of defendant's plea because of an alleged impropriety on the part of former counsel as well as his purported failure to properly advise his client through the "cooperation". Again the court is obviously aware that said motion consumed a substantial amount of time in that there were factual hearings held and briefs filed. The court denied the motion earlier this year.

    Mr. Johnson has always contended that the perception of his participation in these events has not been accurately portrayed. He even made allegations in support of this position in his affidavit in support of the motion to be permitted to withdraw his plea. [Johnson Aff. Pp. 2, 3][2] Both indicated that it was necessary to review the tapes made during this investigation and that such a review would shed substantial light on the events which led to this arrest and conviction.

---

[1] The Notice of Appearance was filed electronically on April 22, 2005.
[2] Copies of which are included for the court's convenience.

Despite the substantial passage of time and the representation of three prior attorneys (including counsel in Canada where defendant remained for three years pending extradition) no review of these tapes was ever made by counsel; nor were transcripts of the tapes ever made. I note that prior to my entering this case that Mr. Johnson had been without a visit from his lawyer for about eighteen months. I have visited Mr. Johnson thirteen times in an effort to speed resolution of these issues.

After reviewing a substantial volume of material and following many discussions with Mr. Johnson, in and about March of this year it became obvious that a review of these tapes was necessary. At that time Mr. Johnson was housed at the Nassau County Correctional Facility rather than a federal institution. Shortly after making the request for the physical tapes from that institution Mr. Johnson was transferred to the Metropolitan Detention Center in Brooklyn. [3] He was transferred without any of his legal materials and in fact several boxes containing same were sent to my office by the U.S. Marshall's office. The tapes were not included. It became necessary for me to return to the Nassau County facility and retrieve the tapes. After all was said and done, this was accomplished in and about the last week of March 2005. I obtained over fifty tapes including four video tapes.

In effect I have had these tapes for approximately sixty days. During this time I have endeavored to review them and to transcribe same. To date I have completed nineteen tapes. As I have indicated no actual transcripts of the tapes exist and a review thus becomes much more tedious. As might be expected some are more readily discernable than others as some are "body wire" tapes and some "telephone" tapes.

Although the government may argue otherwise, I would submit that this delay was not occasioned by Mr. Johnson but rather was due to what I can only characterize as a somewhat "unorthodox" approach to the defense in this case. No matter what the defendant's position, trial or plea and no matter what the purported content, a review of undercover tapes is nothing short of fundamental. Whether necessary as supporting defendant's position or to counter possible use by the government a review of this material is absolutely necessary.

Since receiving the tapes I have worked diligently in trying to complete this analysis but have had to deal with several other cases which have unexpectedly absorbed substantial amounts of time. In addition to two matters in the Southern District of New York one of which has involved seventeen meetings with the client and/or the government, they include a custody trial in Queens County; a matrimonial case involving two unexpected "emergency" show cause orders filed by my opposition both of which were decided in my client's favor but which because of their so called "emergency nature" had to be litigated immediately; and finally, a substantial civil construction litigation involving six co-defendants and court mandated discovery involving hundreds of discovery documents. This list is not inclusive.

I recognize that this matter has been pending for a substantial period but I can assure

---

[3] There is no allegation that the request for his tapes was in any way connected to the transfer.

the court that given sufficient time I can complete the necessary work on this case. I do not here request any specific time period but obviously would appreciate the most time the court feels it can accord me in this regard assuming of course the court sees fit to grant this application.

    I have discussed the matter with the government and must advise the court that AUSA Ryan opposes this application. He has indicated to me that there are two additional defendants related to this case who must be sentenced following Mr. Johnson. While I understand that position I nevertheless have an obligation to my client and accordingly must make this application. In view of the seriousness of this sentence procedure I think it incumbent upon myself to insure that all "bases" have been covered so that the court can have before it all possible materials relevant to this defendant's sentence prior thereto.

                                  Respectfully submitted,


                                    James T. Moriarty


cc: AUSA Burton Ryan