AO 245B   (Rev. 06/05) Judgment in a Criminal Case

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D

★ MAR 10 2006

LONG ISLAND OFFICE

# UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF NEW YORK
### CENTRAL ISLIP DIVISION

UNITED STATES OF AMERICA

vs.

**STEPHEN ANTHONY MARC JOHNSON**

**JUDGMENT IN A CRIMINAL CASE**

CASE NUMBER:   1995CR392( S-1)-02

Defendant's Attorney: James Moriarity

**THE DEFENDANT:**

☒ pleaded guilty to count(s) **THREE of a FOUR COUNT SUPERSEDING INDICTMENT.**
☐ pleaded nolo contendere to count(s) **[count]** which was accepted by the court.
☐ was found guilty on count(s) **[count]** after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| TITLE & SECTION | NATURE OF OFFENSE | DATE OFFENSE CONCLUDED | COUNT NUMBER(S) |
|---|---|---|---|
| 21 USC 846 and 841(b)(1)(A)(vii) | CONSPIRACY TO DISTRIBUTE AND POSSESS WITH INTENT TO DISTRIBUTE HASHISH AND MARIHUANA, a Class A Felony | Feb 1997 | THREE (3s) |

The defendant is sentenced as provided in pages 2 through 5 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)
☒ After all appeals are exhausted count(s) in the underlying indictment and superseding indictment (is)(are) dismissed on the motion of the United States

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Date of Imposition of Sentence: **March 10, 2006**

_____
**THOMAS C. PLATT**
**UNITED STATES DISTRICT JUDGE**

DATE:   March  22, 2006

A TRUE COPY ATTEST

DATED: _____

**ROBERT C. HEINEMANN**
**CLERK**

BY: _____
**DEPUTY CLERK**

AO 245B   (Rev. 06/05) Judgment in a Criminal Case
Sheet 2 — Imprisonment

| | | |
|---|---|---|
| Defendant: | STEPHEN ANTHONY MARC JOHNSON | Judgment - Page 2 of 5 |
| Case No.: | 1995CR392( S-1)-02 | |

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **ONE HUNDRED AND EIGHTY (180) MONTHS, with credit for time served since March 21, 1995.**

☐ The court makes the following recommendations to the Bureau of Prisons:

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district.

    ☐ at __ a.m./p.m. on __.

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons.

    ☐ before 2 p.m. on ___. If the defendant is not designated within the given time frame he/she should surrender to the Marshals office in Brooklyn. If the defendant has not already done so at the time of sentence he/she should communicate with the Marshals office to obtain information regarding the procedures for voluntary surrender.

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

Defendant delivered on _____ to _____ at _____, with a certified copy of this judgment.

                        United States Marshal

                        By:_____
                                 Deputy Marshal

| | |
|---|---|
| Defendant: STEPHEN ANTHONY MARC JOHNSON | Judgment - Page 3 of 5 |
| Case No.: 1995CR392( S-1)-02 | |

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **FIVE (5) YEARS**.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

While on supervised release, the defendant shall not commit another federal, state, or local crime, and shall not possess a firearm, ammunition, or destructive device as defined in 18 U.S.C § 921.

The defendant shall refrain from any unlawful use and possession of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check if applicable.)

☐ The defendant shall not possess a firearm, destructive device, or any other dangerous weapon. (Check, if applicable.)

☐ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

The defendant shall comply with the following standard conditions that have been adopted by this court.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instruction of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician, and shall submit to periodic urinalysis tests as directed by the probation officer to determine the use of any controlled substance;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

14) if this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

AO 245B   (Rev. 06/05) Judgment in a Criminal Case- Criminal Monetary Penalties

| | | |
|---|---|---|
| Defendant: | STEPHEN ANTHONY MARC JOHNSON | Judgment - Page 4 of 5 |
| Case No.: | 1995CR392( S-1)-02 | |

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B. The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g).

| | Assessment | Fine | Total Restitution |
|---|---|---|---|
| Totals: | $100.00 | $ | $ |

### FINE

The above fine includes costs of incarceration and/or supervision in the amount of $.

### RESTITUTION

☐   The determination of restitution is deferred until ___. An Amended Judgment in a Criminal Case will be entered after such a determination. The U.S. Attorneys Office is directed to provide the necessary information to the court.

☐   The defendant shall make restitution to the following victims in the amounts listed below:

☐   Restitution is ordered jointly and severally with:

or
| Name of Payee | Total Amount of Loss | Amount of Restitution Ordered | Priority Order Payment Percentage of |
|---|---|---|---|
| Totals: | $ | $ | |

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column above.

The amount of loss and the amount of restitution ordered will be the same unless, pursuant to 18 U.S.C. §3664(f)(3)(B), the court orders nominal payments and this is reflected on Sheet 6, Statement of Reasons.

☐   Restitution amount ordered pursuant to plea   _____

☐   The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐   The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☐   the interest requirement is waived for      fine      restitution.

  ☐   the interest requirement for      fine      restitution is modified as follows:

AO 245B  (Rev. 06/05) Judgment in a Criminal Case- Criminal Monetary Penalties

| | | |
|---|---|---|
| Defendant: | STEPHEN ANTHONY MARC JOHNSON | Judgment - Page 5 of 5 |
| Case No.: | 1995CR392( S-1)-02 | |

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) non-federal restitution; (3) federal restitution; (4) fine principal; (5) costs; (6) interest; (7) penalties.

Payment of the total criminal monetary penalties shall be due as follows:

I. ☒ In full

    A. ☒ due immediately

    B. ☐ on or before _____

II. ☐ In installments

    A. ☐ monthly in installments of $___ over a period of ___ months, to commence ___ days after date of this judgment.

    B. ☐ in ___ installments of $___ over a period of ___ to commence ___ days after the date of this judgment.

Any payment ordered under Part II, must comply with 18 U.S.C. §3572, 18 U.S.C. §3664(n), and include a provision under 18 U.S.C. §3664(k) in which defendant must notify the court of any material changes in defendant's economic circumstances. Upon such notice, the court may adjust the installment payment schedule.

Special instructions regarding the payment of criminal monetary penalties pursuant to 18 U.S.C. §3664(f)(3)(A):

In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due. The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

☒     The defendant shall forfeit the defendant's interest in the following property to the United States:

    Pursuant to the March 10, 2006 Order of Forfeiture attached and made part of this judgment.

If this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made to the Clerk, U.S. District Court, unless otherwise directed by the court.